IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILFREDO TORRES,

    Plaintiff,

vs.                            Case No. 4:09cv98-RH/WCS

MONICA DAVID, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

When Plaintiff initiated this case, he was in federal prison. Doc. 1. The complaint, naming David as the sole Defendant, was filed on the date signed by Plaintiff, February 26, 2009. *Id.*

Plaintiff filed his second amended civil rights complaint under 42 U.S.C. § 1983, on October 15, 2009, doc. 17 (date signed), and all five Defendants were served.

Four of the Defendants (Frederick Dunphy, Monica David, James Hayden, and Helen Williams) filed a motion to dismiss on February 4, 2010, doc. 35, and Defendant Marin filed a motion to dismiss on February 19, 2010, doc. 38. Plaintiff was directed to

respond to the motions, docs. 36 and 42, and Plaintiff's responses have been filed as documents 43 and 44.

Plaintiff claims that on November 12, 2004, Defendant Dunphy issued a warrant for retaking a parolee. Doc. 17. Plaintiff asserts that he waived a preliminary hearing on November 22, 2004, "until after disposition of pending [federal] charges." *Id.* He asserts that no arrangements were made for the preliminary hearing, and the warrant acted as a detainer against his federal sentence. *Id.* He said that the detainer adversely affected his status in federal prison. *Id.* It is noted that none of this states a claim against any Defendant. Plaintiff does not allege that Dunphy did anything wrong in issuing the warrant. Indeed, it would be frivolous to so allege as Plaintiff had just been charged, and ultimately was convicted, of a serious federal crime. Moreover, Plaintiff himself said he waived the preliminary hearing in November, 2004, so he has no claim about denial of a preliminary hearing against anyone arising from acts in 2004. For this reason, arguments about claims arising from these events as barred by the four year statute of limitations are unnecessary. Had anything that happened in 2004 been the basis of a claim, however, the argument would be correct.

Plaintiff next alleges that in March and April, 2006, while he was in federal custody, his lawyer tried to resolve the detainer, and a waiver of a preliminary hearing was sent, and Plaintiff sent it back with corrected information, and he has not again heard from parole officials about the status of the detainer. *Id.* Plaintiff asserts that the only relief he seeks is to rescind his state parole revocation, release him back to state parole, and forbid Defendants from retaliating against him. *Id.* Events in 2006 are not barred by the statute of limitations.

Plaintiff was released from federal prison and entered state custody in early December, 2009. Doc. 21.

**Defendant Marin's motion to dismiss, doc. 38**

Defendant Marin separately filed a motion to dismiss, asserting that because she was an employee with the Department of Corrections and not the Parole Commission, she has no authority to reinstate Plaintiff's parole or to provide a preliminary hearing, and is improperly named as a Defendant. Doc. 38. Further, Defendant Marin asserts that Plaintiff has failed to state a claim against her and she has qualified immunity. *Id.*

Plaintiff's opposition to the motion to dismiss, doc. 44, states that "this Defendant is just as responsible for the lack of actions taken in this case, as the rest of the parties involved in this case." *Id.*, at 1. Plaintiff contends that she "had a duty to see to it that the final hearing in regards to the revocation of Plaintiff's parole be conducted within a reasonable time, here she failed in the performance of that duty . . . ." *Id.*, at 1-2. Plaintiff acknowledges it "may be true" that Defendant was an employee of the Department of Corrections at the time alleged, but contends that she "presented herself as the Plaintiff's parole officer and acted as an authorized representative of the Florida Parole Commission." *Id.*, at 2.

The only allegation against Defendant Marin is that when Plaintiff's attorney sent a letter to Parole Examiner Helen Williams on April 26, 2006, the attorney indicated he had "spoken with Mrs. Pam [Marin] of Plant City Probation Office about [Plaintiff's] current status, and that it would be appropriate to ask at this time about [Plaintiff's] parole revocation." Doc. 17, p. 7. That allegation is insufficient to state a claim against Defendant Marin. Plaintiff does not allege that this Defendant was involved in any way

in Plaintiff's return to prison, whether by parole revocation or otherwise. The motion to dismiss as to Defendant Marin should be granted. It should also be granted for the reasons which follow.

**Defendants Dunphy, Williams, Hayden, and David's motion to dismiss, doc. 35**

The other four Defendants (Dunphy, Williams, Hayden, and David) filed an Answer, doc. 34, and a motion to dismiss, doc. 35. Defendants contend this case should be dismissed because Plaintiff's claims are barred by the statute of limitations, Defendants have Eleventh Amendment immunity, qualified immunity, absolute judicial immunity, and the complaint fails to state a claim. Doc. 35, p. 2.

The statute of limitations argument would be correct if Plaintiff had stated a claim arising from event ins 2004, but he has not. The court need not reach immunity defenses[1] as he fails to state a claim against any potential Defendant for denial of a preliminary hearing. Plaintiff was convicted of a serious federal crime and that was the basis of the state revocation of parole. He had no right to a preliminary hearing. Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

Further, and alternatively, the relief sought by Plaintiff cannot be obtained by a suit pursuant to 42 U.S.C. § 1983 and the complaint fails to state a claim for that reason as well. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment). The remedy is a petition for writ of habeas corpus.

---

[1] It is noted, however, that these defenses are relevant to a claim for money damages, and Plaintiff has made no claim for money damages.

Accordingly, it is **RECOMMENDED** that both of the motions to dismiss, docs. 35 and 38, be **GRANTED** and Plaintiff's second amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 25, 2010.

> s/ William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**